# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2011

No. 11-50145
Summary Calendar

Lyle W. Cayce
Clerk

KATHLEEN MAGOR,

Plaintiff-Appellant

v.

GMAC MORTGAGE, L.L.C.; MERSCORP INC.; HOMECOMINGS FINANCIAL
L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-481

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kathleen Magor appeals the dismissal without prejudice of her civil suit, which challenged the foreclosure of her home, for failure to state a claim, failure to plead with specificity, and failure to follow the district court's order that she amend her complaint to specify her factual allegations and causes of action. She contests the district court's determination that she did not allege causes of action with the requisite particularity. Magor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insists that she sufficiently alleged that there was no evidence regarding assignments made to or from GMAC or that GMAC owned the original promissory note and deed of trust; that Merscorp Inc. (MERS) effectively bifurcated the note and the lien and was not a real party in interest or a proper nominee; and that foreclosure of her home was the result of fraud because GMAC was not assigned an interest in the note and surreptitiously pursued foreclosure through MERS. To the extent that Magor has failed to brief the district court's dismissal of her other claims, those issues are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

The *Rooker-Feldman* doctrine[1] bars a district court from exercising subject matter jurisdiction in an action that it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

The record supports that Magor initiated the instant federal proceedings to attack collaterally and to enjoin a preexisting state judgment that granted GMAC and MERS an "Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale." Magor's contentions implicate the validity of the state foreclosure judgment, and she seeks legal determinations that would allow her to retain possession of her home. As Magor's present claims arise from the state court proceedings and are "inextricably intertwined" with the state court's judgment – i.e., reversal of the state court's foreclosure judgment would be a necessary part of the relief requested by Magor, and the object of Magor's claims

---

[1] The *Rooker–Feldman* doctrine refers to the doctrine derived from two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

is the state foreclosure judgment itself – the district court lacked subject-matter jurisdiction to review her claims under the *Rooker-Feldman* doctrine. *See Exxon*, 544 U.S. at 291; *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Even though the district court did not expressly dismiss Magor's complaint on this basis, we may affirm the district court's judgment on any basis supported by the record. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Magor also contends that the district court's dismissal of her action was arbitrary and capricious because that court failed to consider whether she had amended her complaint to allege viable causes of action. The record, however, supports the conclusion that the district court provided Magor ample opportunity to articulate and clarify her claims and considered the allegations in her proffered amended complaint before dismissing it without prejudice. Magor's contention that the district court exhibited bias in dismissing her action is equally unavailing. Her conclusional allegations of bias do not establish that the district court did not impartially evaluate her claims. *See United States v. Mizell*, 88 F.3d 288, 299-300 (5th Cir. 1996) (concluding that district court's adverse rulings are insufficient to support claim of judicial bias).

The judgment of the district court is AFFIRMED.