Javier **REYNA**, Plaintiff,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
Defendant.

**Civil Action No. SA–11–CA–1053–FB.**

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 24, 2012.

Kenneth Ernest Grubbs, Attorney at Law, San Antonio, TX, for Plaintiff.

Jeffrey Hiller, Cacheaux, Cavazos & Newton, L.L.P., San Antonio, TX, for Defendant.

### ORDER CONCERNING PENDING MOTIONS

FRED BIERY, Chief Judge.

Before the Court are Defendant Deutsche Bank National Trust Company's Motion to Dismiss Plaintiff's Original Petition (docket # 3), Plaintiff's Motion to Remand to State Court and for Legal Fees (docket # 8), Defendant's Response in Opposition to Motion to Remand (docket # 10), Defendant's Supplement to Motion to Dismiss and Request for Hearing (docket # 16), Plaintiff's Response to Supplement (docket # 17) and Plaintiff's Motion for Leave of Court to Amend Pleadings (docket # 18). For the following reasons, the Court finds Plaintiff's Motion to Remand and for Legal Fees (docket # 8)

should be DENIED, Defendant's Motion to Dismiss Plaintiff's Original Petition (docket # 3) should be DENIED AS MOOT WITHOUT PREJUDICE to refiling, Defendant's Request for Hearing (docket # 16) should be DENIED, and Plaintiff's Motion for Leave of Court to Amend Pleadings (docket # 18) should be GRANTED.

### I. Background

This case arises out of the foreclosure of residential real property located at 331 McLaughlin Avenue in San Antonio, Texas. Plaintiff Javier C. Reyna borrowed $60,000.00 through a home equity loan secured by the McLaughlin Avenue property in 2006. (Plaintiff's Original Petition, attached as Exhibit A to Defendant's Notice of Removal, docket # 1.) Plaintiff is alleged to have defaulted on the loan, and defendant Deutsche Bank National Trust Company (hereinafter "Deutsche Bank") instituted judicial foreclosure proceedings in the 224th Judicial District Court of Bexar County, Texas. *Id.* Defendant obtained a state court order permitting the foreclosure of the property and then purchased the property at auction. *Id.* Following the foreclosure sale, defendant sought to evict plaintiff. On October 17, 2011, Mr. Reyna filed an Original Petition against Deutsche Bank in the 131st Judicial District Court of Bexar County, Texas, Cause No. 2011–CI–16760. Plaintiff seeks to restrain defendant from evicting plaintiff and alleges various defects in the assignment of the lien and in the foreclosure. *Id.* at 3–6. Deutsche Bank removed the action to this Court on December 7, 2011.

### II. Motion to Remand

Plaintiff filed a Motion to Remand (docket # 8), arguing this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine, and requesting the case be remanded to state court. A defendant has the right to remove a case to federal

court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. *See* 28 U.S.C. § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## A. Diversity Jurisdiction

In the Notice of Removal (docket # 1), defendant argues this Court has original jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a). Section 1332 confers jurisdiction on a federal district court "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different States." Here, plaintiff Javier Reyna is a citizen of Texas, and defendant Deutsche Bank is a citizen of New York. Accordingly, there is complete diversity among the parties. Furthermore, plaintiff demands at least $750,000 in damages. (Plaintiff's Original Petition at page 11.) Plaintiff does not dispute diversity jurisdiction exists. Because there is complete diversity and the amount in controversy exceeds $75,000, the Court concludes it has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a).

## B. *Rooker–Feldman* Doctrine

Despite the Court's diversity jurisdiction, plaintiff argues defendant's removal constitutes the type of collateral attack on a state court judgment prohibited by the *Rooker–Feldman* doctrine. Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994). The doctrine "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exx-*

*on Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where there has not been a final state court judgment which can be attacked by a defendant, the *Rooker–Feldman* doctrine does not apply. *See Del–Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 730 (5th Cir.2011) (state court's partial summary judgment orders were not final judgments, and, therefore, the *Rooker–Feldman* doctrine did not apply to bar their review in federal court).

Plaintiff argues the *Rooker–Feldman* requires remand because defendant "has already invoked the state court's power to decide these issues by filing an [sic] TRCP 736 suit, ... [and] [t]he suit now removed is actually part of those proceedings because under the rule, without regard to the order of foreclosure, Plaintiff has the right to challenge the Defendant's right to foreclose." (Plaintiff's Motion to Remand at page 2, docket # 8.) More specifically, Mr. Reyna contends before he filed the present action, defendant filed a separate "suit to procure and [sic] order of foreclosure under Rule 736 of the Texas Rules of Civil Procedure (Cause No.2011–CI–06600).... Without service or notice, on or about June 7, 2011, the Defendant procured an order of foreclosure." (Plaintiff's Original Petition at pages 2–3.)

The order at issue is a Home Equity Foreclosure Order, entered on June 7, 2011 in the 224th Judicial District Court of Bexar County, Texas. (Home Equity Foreclosure Order, attached as Exhibit 3 to Plaintiff's Motion to Remand.) The order states Deutsche Bank may proceed with a foreclosure sale of the McLaughlin Avenue property in accordance with the terms of the security instrument and applicable law and further states the "Order is not appealable pursuant to Rule 736(8)(A)." *Id.* at 3.

Rule 736 of the Texas Rules of Civil Procedure provides a procedure whereby a party seeking the foreclosure of a home equity loan may file a verified application in the district court where the encumbered property is located. Tex.R. Civ. P. 736(1). If the court finds the application meets certain elements—namely that the application establishes a home equity debt exists, it is in default, and the proper notices have been given—then the court shall grant the application. Tex.R. Civ. P. 736(8)(A). The Rule provides:

> No order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral estoppel or estoppel by judgment in any other proceeding or suit. The granting of an application under these rules shall be without prejudice to the right of the respondent to seek relief at law or in equity **in any court of competent jurisdiction.** The denial of an application under these rules shall be without prejudice to the right of the applicant to re-file the application or seek other relief at law or in equity in any court of competent jurisdiction.

Tex.R. Civ. P. 736(9) (emphasis added). Indeed, in this case, "respondent [Javier Reyna] [did] seek relief at law or in equity in [a] court of competent jurisdiction." *Id.* Because of diversity, Deutsche Bank removed the action to this Court, another "court of competent jurisdiction." *Id.*

■ The Court of Appeals for the Fifth Circuit has stated "the *Rooker–Feldman* bar generally should not extend to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel." *Del–Ray Battery Co.,* 635 F.3d at 730. Here, Rule 736 specifically provides a Home Equity Foreclosure Order like the one in this case is not to be given preclusive effect under doctrines of res judicata and collateral estoppel. The *Rooker–Feldman* doctrine

"applies only in circumstances closely akin to those addressed in the *Rooker* and *Feldman* decisions, in which a party suffered an adverse final judgment rendered by a state's court of last resort, and then initiated proceedings in a lower federal court seeking review and reversal of the state-court judgment." *Illinois Cent. R. Co. v. Guy,* 682 F.3d 381, 390 (5th Cir.2012). It therefore usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment or when "the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court 'is in essence being called upon to review the state court decision.'" *Id.* Based on the explicit language of Rule 736, the Court finds the Home Equity Foreclosure Order does not constitute a final state court judgment as contemplated under the *Rooker–Feldman* doctrine.

Nonetheless, plaintiff cites *Nino v. JPMorgan Chase, N.A.,* SA–11–CV–0564–FB, 2011 WL 5040454 (W.D.Tex. Oct. 24, 2011), for the proposition that his claims are "inextricably intertwined" with a state judgment. (Plaintiff's Motion to Remand at page 3.) Like the case at bar, *Nino* dealt with the attempted foreclosure of property encumbered by a home equity loan, in which the original lender obtained an "order to proceed with notice of foreclosure sale and foreclosure" from state court under Rule 736. *Id.* at *1. However, because the *Nino* plaintiff did not show the defendant, an assignee of the note and deed of trust, had taken any step toward foreclosure, the magistrate judge found no case or controversy existed and recommended remanding the case to state court. *Id.* at *2. This Court subsequently adopted the magistrate judge's recommendation the case be remanded due to lack of ripeness. In the report and recommendation, after finding the case was not ripe, the magistrate judge in dicta opined: "[e]ven if this case presented a ripe controversy,

the controversy would be barred by the *Rooker–Feldman* doctrine." *Id.* at \*2. The magistrate judge reasoned, "Nino's claims flow from the state-court order to proceed with notice of foreclosure sale and foreclosure, [and therefore] Nino's claims are inextricably intertwined with that order because an action to foreclose would flow from the order." *Id.* As stated above, the language discussing *Rooker–Feldman* in the *Nino* opinion is dicta.

Although the language of Rule 736 leads this Court to believe *Rooker–Feldman* is not applicable here, the Court located an unpublished decision out of the Court of Appeals for the Fifth Circuit, in which that court applied the *Rooker–Feldman* doctrine because defendant lenders obtained an "Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale" pursuant to Tex.R. Civ. P. 736. *Magor v. GMAC Mortg., L.L.C.,* 456 Fed.Appx. 334, 335–36 (5th Cir.2011). In *Magor,* plaintiff borrower filed a federal complaint alleging fraud and certain defects in the assignments of the note and deed of trust. *Id.* at 334. The Fifth Circuit found the district court lacked subject-matter jurisdiction to review the plaintiff's claims under the *Rooker–Feldman* doctrine, reasoning as follows:

> The record supports that Magor initiated the instant federal proceedings to attack collaterally and to enjoin a preexisting state judgment that granted GMAC and MERS an "Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale." Magor's contentions implicate the validity of the state foreclosure judgment, and she seeks legal determinations that would allow her to retain possession of her home. As Magor's present claims arise from the state court proceedings and are "inextricably intertwined" with the state court's judgment—i.e., reversal of the state court's foreclosure judgment would be a necessary part of the relief requested by

Magor, and the object of Magor's claims is the state foreclosure judgment itself—the district court lacked subject-matter jurisdiction to review her claims under the *Rooker–Feldman* doctrine.

*Id.* at 335–36 (internal citations omitted).

*Magor* is an unpublished opinion and is thus not binding precedent. *Id.* at 335, n. \* ("Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent"); *see also Rivera v. PNS Stores, Inc.,* 647 F.3d 188, 197, n. 33 (5th Cir.2011) (stating unpublished Fifth Circuit decision is not binding precedent). However, the language in *Del–Ray Battery Co.,* which states "the *Rooker–Feldman* bar generally should not extend to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel," is binding. *Del–Ray Battery Co.,* 635 F.3d at 730. Likewise, the language in *Illinois Cent. R. Co.* is binding, and as previously stated, provides *Rooker–Feldman* "applies only in circumstances ... in which a party suffered an adverse final judgment rendered by a state's court of last resort." *Illinois Cent. R. Co.,* 682 F.3d at 390. The Court disagrees with the implicit assumption made in *Magor* that the Rule 736 order constituted such an "adverse final judgment rendered by a state's court of last resort" to which the *Rooker–Feldman* doctrine applies. Based upon these precedents, the Court finds *Rooker–Feldman* does not apply to Rule 736 Home Equity Foreclosure Orders.

Even assuming *Rooker–Feldman* applies to Rule 736 orders, which by the explicit language of Rule 736 are not final, the case at bar can be distinguished from *Magor* because Mr. Reyna did not "initiate[ ] federal proceedings to attack collaterally and to enjoin a preexisting state judgment." *Magor,* 456 Fed.Appx. at 335–36. Rather, Mr. Reyna initiated state

court proceedings, which were subsequently removed by defendant to federal court. Because of the clear language of Texas Rule of Civil Procedure 736 and the distinction between *Magor* and the case at bar, the Court concludes the *Rooker–Feldman* doctrine is not a bar to this Court's jurisdiction. Because this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and because plaintiff's *Rooker–Feldman* argument lacks merit, the Court concludes Plaintiff's Motion to Remand should be denied. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (docket # 8) is DENIED.

Plaintiff requests the Court "award legal fees in the amount of $500 against Defendant as a result of the filing of this motion and briefing pursuant to 28 U.S.C. § 1447(c)." (Plaintiff's Motion to Remand at page 3.) This request is DENIED.

### III. Motion to Dismiss

Also before the Court is Defendant Deutsche Bank's Motion to Dismiss Plaintiff's Original Petition (docket # 3) and Defendant's Supplement to Motion to Dismiss and Request for Hearing (docket # 16). In response to Defendant's Motion to Dismiss, plaintiff filed a Motion for Leave of Court to Amend Pleadings (docket # 7) in order "to convert the state court pleadings to federal form and to address the issues raised in the motion." By Order dated May 3, 2012 (docket # 13), the Court granted Mr. Reyna's Motion for Leave to Amend Pleadings and instructed plaintiff to file the proposed amended pleading (docket # 7–2) by May 10, 2012. Plaintiff did not file the amended pleading by that date. Plaintiff then filed another Motion for Leave of Court to Amend Pleadings (docket # 18), seeking leave to file his Second Amended Complaint. The Court finds it is in the interest of justice to cause plaintiff's proposed amended pleading to be filed at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave of Court to Amend Pleadings (docket # 18) is GRANTED, such that the Clerk shall file Plaintiff's Second Amended Complaint (docket # 18–2) and all attached exhibits in accordance with the Administrative Polices and Procedures for Electronic Filing as no new parties have been added by this amended complaint. *See* 4(c) and 5(a)(3), *Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases,* Western District of Texas, revised June 2, 2011.

IT IS FURTHER ORDERED that Defendant Deutsche Bank's Motion to Dismiss Plaintiff's Original Petition (docket # 3) is DENIED AS MOOT WITHOUT PREJUDICE to refiling in light of the filing of Plaintiff's Second Amended Complaint. *See Smallwood v. Bank of America,* Civil Action No. 3:11–CV–1283–D, 2011 WL 4941044 at *1 (N.D.Tex. Oct. 17, 2011) (granting leave to amend complaint and denying "motion to dismiss without prejudice as moot"); *Comb v. Benji's Special Educ. Acad., Inc.,* 745 F.Supp.2d 755, 773 (S.D.Tex.2010) (denying as moot motion to dismiss "without prejudice to refiling in light of Plaintiffs' second amended complaint").

IT IS FURTHER ORDERED that Defendant's Request for Hearing (docket # 16) is DENIED.

It is so ORDERED.