# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40453
Summary Calendar

---

WALTER A MOSLEY JR; MALINDA K MOSLEY; BOBBIE L MOSLEY; RAMONA J JOHNSTON, also known as Ramona J Mosley

Plaintiffs-Appellants

v.

BOWIE COUNTY TEXAS; TEXAS YOUTH COMMISSION; ATTORNEY GENERAL STATE OF TEXAS, Child Support Unit 0508E; BILLY FOX; STEPHEN F MCKENNA; MARY F IVERSON; TERESA S SEVERNS

Defendants-Appellees

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-291

---

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

   Walter A. Mosley Jr., Malinda K. Mosley, Bobbie L. Mosley, and Ramona J. Johnston (collectively, "the Mosleys") appeal the district court's dismissal of their 42 U.S.C. § 1983 action as frivolous and for failure to state a claim on which relief can be granted.  The complaint, which was signed only by Walter A.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mosley, Jr., who is not an attorney, alleged several constitutional violations related to a state court judgment that ordered the payment of child support.

The district court dismissed all of the Mosleys's claims pursuant to the Rooker-Feldman[1] doctrine and the domestic relations exception.[2] The district court also determined that Walter A. Mosley Jr. lacked standing to bring the lawsuit in his own behalf and on behalf of the other named plaintiffs.

In their pro se appellate brief, which we afford the benefit of liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Mosleys contest the district court's determination regarding their lack of standing. To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) traceable to the defendant's challenged conduct; (3) that is likely to be redressed by a favorable decision of the district court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." Id. Here, the general factual allegations of the complaint were not so insufficient at this point in the litigation to justify a dismissal based on standing. See id. at 561. We, however, express no opinion regarding an ultimate determination on standing.

The Mosleys contend that Walter A. Mosley Jr. has been given power of attorney and that he should be allowed to represent them in this action. Walter A. Mosley Jr. is not an attorney and thus may not represent another party in federal court. See Gonzales v. Wyatt, 157 F.3d 1016, 1020-22 ((5th Cir. 1998).

The Mosleys argue that the district court erred in denying leave to amend the complaint. Leave to amend was sought for the purpose of adding the signatures of the other named plaintiffs to the complaint. Rule 15(a) of the

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] See Rykers v. Alford, 832 F.2d 895, 899-900 (5th Cir. 1987).

Federal Rules of Civil Procedure instructs that leave to amend "shall be freely given when justice so requires." "Rule 15(a) applies where plaintiffs expressly requested leave to amend even though their request was not contained in a properly captioned motion paper." United States ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 387 (5th Cir. 2003). The record is devoid of reasons for the denial of leave to amend the complaint; accordingly, the denial of such leave constitutes an abuse of discretion. See United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004).

The Mosleys argue that neither the Rooker-Feldman doctrine nor the domestic relations exception is applicable because their complaint raises only "post-judgment" claims. Our reading of the complaint, however, reveals that the Mosleys pleaded claims that collaterally attack as void the state court judgment ordering the payment of child support as well as claims that assert that the defendants violated the Mosleys's constitutional rights in the effort to enforce the child support order.

The Rooker-Feldman doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Weekly v. Morrow, 204 F. 3d 613, 615 (5th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The Mosleys contend that the state court child support judgment is void and therefore subject to collateral attack in a federal court. In support of their argument, the Mosleys assert that there is no record of any state court judgment ordering the payment of child support. Under some circumstances, a federal court may review the state court record to determine if the judgment is void. See United States v. Shepherd, 23 F.3d 923, 925 (5th Cir. 1994). A Texas judgment

3

is only void if "the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court." Id. at 925 n.5. The Mosleys do not argue that any of the above deficiencies apply to the state court judgment that is the subject of their claims and have failed to establish that the void judgment exception applies. See id. at 925. Accordingly, the Mosleys's claims that collaterally attack as void the state court judgment ordering the payment of child support are barred under the Rooker-Feldman doctrine because they "invit[e] district court review and rejection" of the state child support judgment. See Exxon Mobil Corp., 544 U.S. at 284.

We reach a different result as to the Mosleys's claims that the defendants violated their constitutional rights in the effort to enforce the state child support judgment. Because such claims do not ask the district court to "review, modify, or nullify" a final order of a state court, they are not barred under the Rooker-Feldman doctrine. See Weekly, 204 F.3d at 615.

Nor are the Mosleys's claims of constitutional violations in the enforcement of the state child support judgment barred by the domestic relations exception. In deciding whether the domestic relations exception is to be applied, the crucial factor is the type of determination that the federal court must make in order to resolve the case, rather than the formal label attached to the claim. Rykers v. Alford, 832 F.2d 895, 900 (5th Cir. 1987). "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case" under the domestic relations exception. Id. Because the Mosleys's claims of constitutional violations in the enforcement of the state child support judgment do not involve such determinations, they are not barred under the domestic relations exception. See

id.; Franks v. Smith, 717 F.2d 183, 185-86 (5th Cir. 1983). Accordingly, we vacate the dismissal of such claims and remand to the district court. In view of the above determinations, it is unnecessary to consider the remaining arguments advanced by the Mosleys.

All outstanding motions are denied.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED; MOTIONS DENIED.