# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40826

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2017

Lyle W. Cayce
Clerk

JESSE C. BURCIAGA; EDNA K. BURCIAGA,

      Plaintiffs - Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before PRADO, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

The Burciagas defaulted on their home equity loan in 2011. In 2013, Deutsche Bank filed a foreclosure suit in Texas state court. Without holding a hearing—as required by Texas law—the state court entered a foreclosure order. Although Texas law expressly required that any challenge to the foreclosure order be made in a separate, original proceeding, the Burciagas moved to vacate the foreclosure order in the same proceeding. The state court granted their motion. Several months later, Deutsche Bank foreclosed on the encumbered property. The Burciagas filed suit in another Texas state court challenging the foreclosure sale. Deutsche Bank removed the suit to federal district court, and the district court granted summary judgment to Deutsche Bank on all claims. The Burciagas appealed and we AFFIRM.

No. 16-40826

**I**

In 1999, Jesse and Edna Burciaga purchased a house in Flower Mound, Texas (the "Property"). The Burciagas refinanced their mortgage in 2003, and they executed a home equity fixed/adjustable rate note (the "Note") in the original principal amount of $344,000. The Note and interest in the security instrument were assigned to Deutsche Bank.

The Burciagas defaulted on their obligations under the Note in 2011. On July 11, 2011, Deutsche Bank notified the Burciagas of the bank's intent to accelerate the debt if the Burciagas did not cure their default. The Burciagas failed to do so, and Deutsche Bank accelerated the debt.

In October 2013, Deutsche Bank filed a foreclosure suit in Texas state court pursuant to Texas Rule of Civil Procedure 736.1 (the "Foreclosure Action").[1] The Burciagas filed an answer, and a final hearing was set for December 20, 2013. On December 13, 2013, however, the state court issued an order permitting Deutsche Bank to proceed with foreclosure of the loan and sale of the Property (the "Foreclosure Order"). The court closed the Foreclosure Action that same day.

On December 20, 2013, the Burciagas moved to vacate the Foreclosure Order and reopen the case. The state court granted the Burciagas' motion and vacated the Foreclosure Order on January 9, 2014 (the "Vacating Order").

Nonetheless, on April 10, 2014, Deutsche Bank sent a copy of the Foreclosure Order and a Notice of Sale to the Burciagas. Deutsche Bank foreclosed on the Property on May 6, 2014, and purchased the Property at the foreclosure sale for $455,784.96 (the "Foreclosure Sale"). Soon after, Deutsche Bank notified the Burciagas of the bank's intent to take possession of the

---

[1] At the time of the filing, the Burciagas owed a total amount of $422,052.25, and to cure their default, would have had to pay $104,564.05.

No. 16-40826

Property.[2]

## II

On June 4, 2014, the Burciagas filed suit in a different Texas state court, asserting three claims: trespass to try title, violation of the Texas Civil Practice and Remedies Code, and a request for a preliminary injunction. Deutsche Bank removed the case to federal court. Deutsche Bank filed a counterclaim seeking a declaratory judgment, quiet title to the Property, and judicial foreclosure based on breach of contract.

The district court granted summary judgment in favor of Deutsche Bank. The court declared that the May 6, 2014 foreclosure sale was valid and entered an order granting quiet title to the Property to Deutsche Bank. The Burciagas moved for reconsideration, which the district court denied, and the Burciagas timely appealed.

On appeal, the Burciagas make three arguments. First they contend that the district court's assumption of jurisdiction violated the *Rooker-Feldman* doctrine and that this court should dismiss the appeal for lack of subject-matter jurisdiction. Second, they argue that the district court erred in granting summary judgment to Deutsche Bank because the state court's Vacating Order was proper, and thus, the Foreclosure Order was invalid. Finally, the Burciagas argue that their due process rights under the United States and Texas Constitutions were violated when the state court entered the Foreclosure Order without first holding a hearing as required by Texas law.

## III

Before considering the Burciagas' arguments, we briefly review the particular Texas foreclosure process that underlies this case—Texas Rule of

---

[2] The Burciagas continue to live at the Property but have not paid property taxes or insurance since 2012. As of May 21, 2015, the total amount owed on the loan was $497,916.55.

No. 16-40826

Civil Procedure 736. A Rule 736 proceeding is not "an ordinary lawsuit," but rather "a faster, more streamlined alternative to judicial foreclosure." *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Once the petitioner files a Rule 736 application for foreclosure, if the respondent files a response, Rule 736.6 requires that the court hold an evidentiary hearing before issuing an order on the application. A Rule 736 order "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." Tex. R. Civ. P. 736.9. "After an order is obtained, a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed." *Id.*

Rule 736 also provides an exclusive procedure for challenging an order on a Rule 736 application: "*Any challenge* to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." *Id.* at 736.8(c) (emphasis added). An order granting or denying a Rule 736 application "is not subject to a motion for rehearing, new trial, bill of review, or appeal." *Id.* However, if a party files an independent suit challenging a Rule 736 foreclosure order before 5:00 p.m. on the Monday before the scheduled foreclosure sale, the Rule 736 proceeding or order is automatically stayed. *Id.* at 736.11(a). Once the Rule 736 court is notified that an independent suit has been filed challenging the Foreclosure Order, the court is required to dismiss the Rule 736 proceeding or vacate the foreclosure order. *Id.* at 736.11(c). "If the automatic stay under [Rule 736.11] is in effect, any foreclosure sale of the property is void." *Id.* at 736.11(d).

## IV

We first address whether we have subject-matter jurisdiction over this appeal. The Burciagas argue that the district court exceeded its jurisdictional authority by "unilaterally reviv[ing] the vacated Foreclosure Order and

4

modif[ying] the final disposition of the foreclosure in the Trial Court" in violation of the *Rooker-Feldman*[3] doctrine.[4] The court must address challenges to subject-matter jurisdiction before reaching the merits of a case. *Del-Ray Battery Co v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). We review the district court's determination that *Rooker-Feldman* does not apply de novo. *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012).

"'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). We have described the doctrine as comprising four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (unpublished) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). We have also said that the doctrine applies only to "final judgment[s] rendered by a state's court of last resort." *Ill. Cent.*, 682 F.3d at 390.[5] Further, in addition to the precise claims presented to the state court,

---

[3] The doctrine takes its name from two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] Notably, the Burciagas argued below that the *Rooker-Feldman* doctrine did not bar the district court from hearing the case because the state court did not render a final judgment and because all of the claims and counterclaims were based on the propriety of the foreclosure sale. Notwithstanding the Burciagas' change of heart, this court is duty-bound to examine its subject-matter jurisdiction sua sponte. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000).

[5] In a case pre-dating *Illinois Central*, we found *Rooker-Feldman* to bar review of a state court judgment when the state court appeal was pending at the time the federal action

*Rooker-Feldman* prohibits federal court review of claims that are "inextricably intertwined" with a state court decision. *Feldman*, 460 U.S. at 486–87. "[I]n light of the 'narrow ground' *Rooker-Feldman* occupies," however, "[the doctrine] does not prohibit a plaintiff from 'presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party.'" *Truong*, 717 F.3d at 382 (alteration omitted) (quoting *Exxon*, 544 U.S. at 284, 293).

There are two state court orders at issue in this litigation that might implicate the *Rooker-Feldman* doctrine: the Foreclosure Order and the Vacating Order. Because it was issued later and ostensibly superseded the Foreclosure Order, we first examine application of *Rooker-Feldman* to the Vacating Order.

## A

By arguing that its foreclosure of the Burciagas' property was valid, Deutsche Bank is essentially seeking review of the Vacating Order. Deutsche Bank contends that the Vacating Order was improper because Texas law prohibits parties from challenging Rule 736 foreclosure orders in the Rule 736 proceeding. *See* Tex. R. Civ. P. 738.8. According to Deutsche Bank, the Foreclosure Order is the state court's only valid and operable order, and the bank was entitled to use it to foreclose on the property. The *Rooker-Feldman* doctrine is inapplicable to Deutsche Bank's counterclaims for two, independent reasons.

First, the Vacating Order was not a final judgment. *See Ill. Cent.*, 682 F.3d at 390 (stating that *Rooker-Feldman* applies only to state court "final

_____

was filed. *Hale v. Harney*, 786 F.2d 688, 689–91 (5th Cir. 1986). Contrary to *Illinois Central*'s explication of the doctrine, *Hale* suggests that a state court judgment need not be issued by a court of last resort for *Rooker-Feldman* to apply. Because of this apparent tension in our case law, we do not rely on this aspect of the doctrine to resolve the jurisdictional question before us now.

judgment[s]"). "To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Wagner v. Warnasch*, 295 S.W.2d 890, 892 (Tex. 1956). The Vacating Order did not determine the rights of the parties or dispose of all the issues involved; to the contrary, it purported to undo the state court's previous foreclosure determination and reinstate the litigation.[6]

Second, the Vacating Order is void under Texas Law, and we have said that *Rooker-Feldman* does not preclude review of void state court judgments. *See United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994) (observing that the *Rooker-Feldman* doctrine would likely not bar federal court review of void state court judgments, although it would still preclude jurisdiction to review voidable state court judgments); *see also Truong*, 717 F.3d at 383 n.3 (citing *Shepherd* for the proposition that "*Rooker-Feldman* prohibits a district court from *voiding* state foreclosure judgments, notwithstanding claims that the judgments were fraudulently procured" (emphasis added)); *Mosely v. Bowie Cty. Tex.*, 275 F. App'x 327, 329 (5th Cir. 2008) (unpublished) (citing *Shepherd* for the proposition that, "[u]nder some circumstances, a federal court may review the state court record to determine if the judgment is void"); *cf. Rooker*, 263 U.S. at 415 (finding no federal jurisdiction to review state court judgment where the state court had subject matter over the underlying case, but noting that "[i]f the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely

---

[6] Even if the state court's later dismissal of the foreclosure suit for want of prosecution converted the order into a final judgment, *see, e.g.*, *Aguilar v. Maverick Eng'g Co.*, 752 S.W.2d 727, 728 (Tex. App.—Corpus Christi 1988, no pet.), the state court did not dismiss the case until after Deutsche Bank removed the second state proceeding and filed its counterclaims, and *Rooker-Feldman* applies only to final state court judgments entered before the filing of the federal case. *Venneta Queen*, 606 F. App'x at 730 (*citing Exxon*, 544 U.S. at 284).

appellate proceeding").

The Vacating Order is void because the Texas state court did not have jurisdiction to enter it. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) (quoting *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.")). Rule 736.8(c) precludes courts from hearing challenges to Rule 736 foreclosure orders:

> An order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction.

Accordingly, a trial court that enters a Rule 736 foreclosure order has no jurisdiction to review a party's motion to disrupt that order. *See Hofrock v. Fed. Nat'l Mort. Ass'n*, No. A-13-CV-1013 LY, 2014 WL 12586366, at *4 (W.D. Tex. Mar. 18, 2014) ("Because the December 2012 Order [withdrawing previous foreclosure order] purports to grant relief which is not available in a Rule 736 proceeding, the order is without effect."), *adopted by* No. A-13-CV-1013-LY, 2014 WL 12586757 (W.D. Tex. May 9, 2014).

Texas case law confirms this view. In *In re Casterline*, a Texas appeals court considered a petition for writ of mandamus challenging a trial court's decision to grant a motion to reconsider a previous Rule 736 foreclosure order denying an application for expedited foreclosure. The appellate court determined that the trial court "abused its discretion" by granting the motion and vacating the foreclosure order. *Casterline*, 476 S.W.3d 38, 44–45 (Tex. App.—Corpus Christi 2014, no pet.); *see also Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, no

pet.) (explaining that Texas courts "grant mandamus relief only where a trial court has clearly abused its discretion" and that "[t]he issuance of a void order is an abuse of discretion" warranting mandamus relief); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.— Corpus Christi 1991, writ dism'd w.o.j.) ("[A] writ of mandamus is an appropriate remedy to nullify an order already entered without legal authority."). Moreover, Texas appellate courts routinely dismiss appeals from Rule 736 foreclosure orders for lack of jurisdiction, citing Rule 736.8(c). *See, e.g.*, *Wood v. 21st Century Mortg. Corp.*, No. 05-14-01467-CV, 2015 WL 3866634, at *1 (Tex. App.—Dallas Jun. 23, 2015, no pet.); *Moir v. JP Morgan Chase NA*, No. 05-14-00899-CV, 2014 WL 6808668, at *1 (Tex. App.— Dallas Dec. 4, 2014, no pet.); *Thweatt v. Deutsche Bank Nat'l Tr. Co.*, No. 01-14-00261-CV, 2014 WL 2538691, at *1 (Tex. App.—Houston [1st Dist.] Jun. 5, 2014, no pet.).

The Burciagas' "Motion to Vacate" was an impermissible challenge to the Rule 736 Foreclosure Order. Although Rule 736.8(c) does not include "motions to vacate" in its list of specific forbidden challenges to foreclosure orders, this absence is not dispositive. *See Casterline*, 476 S.W.3d at 44–45 (holding that a "Motion to Reconsider and Reopen" was "in substance a motion for rehearing or new trial which is prohibited by Rule 736.8(c)"). Rule 736.8(c) makes clear that "[a]ny challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." Tex. R. Civ. P. 736.8(c). The state court lacked jurisdiction to grant the Burciagas' motion, and thus, the Vacating Order "is without effect." *See Hofrock*, 2014 WL 12586366, at *4; *see also Travelers*, 315 S.W.3d at 863.

Accordingly, because the Vacating Order was not final when the federal suit was brought and is void under Texas state law, the *Rooker-Feldman* doctrine does not bar federal court review of it.

No. 16-40826

**B**

Because we hold that that the Vacating Order is void under Texas law, the Foreclosure Order is the final state court judgment. *See Courtlandt Corp. v. Trico Serv. Corp.*, 600 S.W.2d 883, 886 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (holding that trial court did not have jurisdiction to order reinstatement of previously dismissed action, and thus reinstatement order was void and of no effect and previous order of dismissal was still in effect); *Carrera v. Marsh*, 847 S.W.2d 337, 343 (Tex. App.—El Paso 1993, no writ) (finding order granting new trial following default judgment to be void and of no effect, and therefore ruling that the previously entered default judgment was final). We must now examine whether we have jurisdiction to consider an attack on the Foreclosure Order.

A cursory analysis might suggest that the *Rooker-Feldman* doctrine precludes federal court review of the Burciagas' claims. The Burciagas are (1) state court losers (with respect to the Foreclosure Order), (2) alleging they were harmed by the Foreclosure Order, (3) which was rendered before the district court proceedings began, and (4) requesting that a federal court review the issuance of the Foreclosure Order and effectively overrule the state trial court's decision. *See Venneta Queen*, 606 F. App'x at 730 (citing *Exxon*, 544 U.S. at 284).

However, we generally do not apply *Rooker-Feldman* "to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel." *Del-Ray*, 635 F.3d at 730 (*quoting Ingalls v. Erlewine (In re Erlewine)*, 349 F.3d 205, 210 (5th Cir. 2003)). In *Del-Ray*, we observed that, under Texas law, a non-suit following an order for partial summary judgment does not convert the partial summary judgment order into a final judgment on the merits where there are outstanding issues in the case. We therefore concluded that *Rooker-Feldman* did not bar review of the state court's

10

interlocutory summary judgment order because the order had no preclusive effect. *Id.*; *see also Reyna v. Deutsche Bank Nat'l Tr. Co.*, 892 F. Supp. 2d 829, 832 (W.D. Tex. 2012) (concluding that a home equity foreclosure order issued pursuant to Tex. R. Civ. P. 736 was not "a final state court judgment as contemplated under the *Rooker-Feldman* doctrine" because Texas law affords such orders no preclusive effect).

Here, Texas state law explicitly provides that the Foreclosure Order has no preclusive or res judicata effect. Tex. R. Civ. P. 736.9 (commanding that a foreclosure order "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding"). Indeed, Texas law specifically allows for collateral attacks on Rule 736 foreclosure orders in "a court of competent jurisdiction." Tex. R. Civ. P. 736.8(c). Accordingly, *Rooker-Feldman* does not bar review of the Foreclosure Order.[7]

We therefore conclude that the district court did not err in holding that the *Rooker-Feldman* doctrine did not preclude review of the parties' claims. We also conclude that we have jurisdiction to hear this appeal.

## V

Having established that we have subject-matter jurisdiction over the parties' claims, we now turn to the merits. We review a district court's grant of summary judgment de novo. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 103–

---

[7] A prior unpublished opinion of this court reached the opposite conclusion. In *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 335–36 (5th Cir. 2011), we held that *Rooker-Feldman* barred review of a claim "inextricably intertwined" with a foreclosure order issued pursuant to Tex. R. Civ. P. 736. In so holding, the *Magor* court did not discuss our circuit's exception for judgments with no preclusive or res judicata effect. Further, the panel did not address the peculiarities of Rule 736 proceedings and did not recognize that Texas law specifically allows for collateral attacks on Rule 736 foreclosure orders "in a court of competent jurisdiction." Because *Magor* is non-binding, *see* 5th Cir. R. 47.5.4, we decline to follow its reasoning.

04 (5th Cir. 2015) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002)). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 104 (quoting Fed. R. Civ. P. 56(a)). We construe all facts and inferences in the light most favorable to the nonmovant. *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010).

The Burciagas argue that the Foreclosure Sale was invalid and therefore Deutsche Bank does not hold valid title to the Property. The crux of their argument is that the state court properly vacated the Foreclosure Order. According to the Burciagas, this means that the Foreclosure Order was invalid and that Deutsche Bank's use of the order to foreclose on the Property violated § 12.002(a) of the Texas Civil Practice and Remedies Code, which prohibits the use of "fraudulent court record[s]" and "fraudulent . . . claim[s] against real . . . property."

The Burciagas' argument is incorrect. As we explained above, the state court did not have jurisdiction to enter the Vacating Order. *See Casterline*, 476 S.W.3d at 44–45. The Vacating Order is therefore void, *see Travelers*, 315 S.W.3d at 863, and the Foreclosure Order was effective at the time Deutsche Bank foreclosed on the Property. *Cf. Carrera*, 847 S.W.2d at 343.

In their briefing before this court and the district court, the Burciagas make conclusory statements that the Foreclosure Order is "void" or "invalid" because the state court entered it without holding a hearing as required by Rule 736.6. Although the Burciagas are correct that the state court procedurally erred by failing to hold a hearing before entering the Foreclosure Order, they point to no authority supporting their contention that this procedural error rendered the Foreclosure Order void rather than voidable. *See Browning*, 165 S.W.3d at 346 ("A judgment is void *only* when it is apparent that the court rendering judgment had no jurisdiction of the parties or

property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." (internal quotation marks and citation omitted) (emphasis added)); *see also SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 778 n.7 (5th Cir. 2017) (finding an argument forfeited where "beyond a conclusory assertion, the SEC "ma[de] no argument and cite[d] no authority").

Texas law provided the Burciagas with a procedure for challenging a *voidable* Foreclosure Order: they could have filed an independent suit challenging the Foreclosure Order in a court of competent jurisdiction. Tex. R. Civ. P. 736.8.[8] Indeed, had the Burciagas filed such a suit before 5:00 p.m. on the Monday before the scheduled foreclosure sale, the Foreclosure Order would have been automatically stayed. *Id.* at 736.11(a). And, once the Burciagas notified the state court that they were challenging the Foreclosure Order in a separate suit, the court would have been required to vacate the Foreclosure Order. *Id.* at 736.11(c). But the Burciagas do not assert that their lawsuit in this case was itself a proper Rule 736.8 challenge. Despite acknowledging in the district court and on appeal Deutsche Bank's position that the present "lawsuit is an improper challenge pursuant to [Tex. R. Civ. P.] 736.8," the Burciagas have evaded that question to argue instead that their pre-suit *motion to vacate* the Foreclosure Order was appropriate under Rule 736.8 and *Casterline*. *See Life Partners*, 854 F.3d at 778 n.7.

Because we conclude that the Vacating Order is void under Texas law,

---

[8] Although Texas law does not develop this point, it may be that a party can file a Rule 736.8 challenge in a separate proceeding even *after* the foreclosure sale occurs. *Compare* Tex. R. Civ. P. 736.11(a) (imposing an explicit filing deadline to obtain an automatic stay), *with* Tex. R. Civ. P. 736.8 (omitting an explicit deadline to file a "separate, independent, original proceeding in a court of competent jurisdiction"). We need not resolve this question because the Burciagas have not asserted below or to us any argument that this lawsuit is a valid Rule 736.8 challenge.

and because the Burciagas point to no authority demonstrating that the Foreclosure Order was void rather than voidable, we reject the Burciagas' argument that the district court erred by granting summary judgment to Deutsche Bank.

## VI

The Burciagas also argue that the state court's issuance of the Foreclosure Order without a hearing denied them procedural due process in violation of the United States and Texas Constitutions. According to the Burciagas, "the District Court failed to grasp that in granting Deutsche Bank's Motion for Summary Judgment, it was denying the due process rights of the Burciagas."

"It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court." *Hardman v. Colvin*, 820 F.3d 142, 152 (5th Cir. 2016) (quoting *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005)). "Arguments not raised in the district court cannot be asserted for the first time on appeal." *Id.* (quoting *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004)). "A party must 'press and not merely intimate the argument during the proceedings before the district court.'" *Id.* (quoting *Keelan*, 407 F.3d at 340). We will not consider on appeal an issue not previously presented to the district court unless such review is "necessary to prevent a miscarriage of justice." *Thorton v. Schweiker*, 663 F.2d 1312, 1315 (5th Cir. 1981).

The Burciagas did not bring a freestanding due process claim in their complaint before the district court. The Burciagas' summary judgment brief in the district court merely states that the state court's failure to hold a hearing before entering the Foreclosure Order violated the Burciagas' due process rights. The Burciagas did not cite any case law in support of this argument; nor did they make any other attempt to develop the argument before the

district court. Moreover, on appeal, the Burciagas do not explain why they failed to develop their due process argument before the district court or how not considering it would amount to a miscarriage of justice. *See Hardman*, 802 F.3d at 152. The Burciagas have thus forfeited this issue on appeal. *See In re Deepwater Horizon*, 814 F.3d 748, 752 (5th Cir. 2016) (per curiam) ("Claimants did not make this [due process] argument in their memorandum in support of their motion before the district court, and it is accordingly forfeited.").

Moreover, because Texas law afforded the Burciagas an adequate process for challenging the Foreclosure Order, their due process claim fails on the merits. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)); *see also City of Paris v. Abbott*, 360 S.W.3d 567, 582 (Tex. App.—Texarkana 2011, no pet.) (citing *Perry v. Del Rio,* 67 S.W.3d 85, 92 (Tex. 2001)); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998)). "In assessing what process is due . . . substantial weight must be given to the good-faith judgments" of those who provide the procedures. *Mathews*, 424 U.S. at 349.

Here, as we detailed above, Texas law provided the Burciagas an adequate procedure to challenge the Foreclosure Order by filing an independent suit in a court of competent jurisdiction. *See* Tex. R. Civ. P. 736.8. The Burciagas, however, never argued that this lawsuit constitutes a Rule 736.8 proceeding. The Burciagas cannot forgo procedures and remedies available to correct a state procedural error, and then belatedly claim they were denied due process because of that error. *See Able v. Bacarisse*, 131 F.3d 1141, 1143 n.1 (5th Cir. 1998) (finding no due process violation because "Appellant deprived himself of the right to appeal by failing to avail himself of" established state procedures); *Rathjen v. Litchfield*, 878 F.2d 836, 839 (5th Cir.

No. 16-40826

1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to [them].").

## VII

For the foregoing reasons, we AFFIRM the judgment of the district court.