# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2021

Lyle W. Cayce
Clerk

No. 20-50944

MTGLQ Investors, L.P.,

*Plaintiff—Appellee*,

*versus*

Jerry K. Walden, Jr., *also known as* Jerry K. Walden;
Tamatha Walden,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-992

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

We WITHDRAW the court's prior opinion in this case and substitute the following. The petition for panel rehearing is DENIED. Appellants' motion to vacate final judgment and render dismissal due to mootness is also DENIED. As a general matter, the mid-litigation

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

assignment of an interest neither renders a case or controversy moot nor requires the assignee to substitute as a party. *See F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 267–68 (5th Cir. 2013); *TOC Retail, Inc. v. Gulf Coast Oil Co. of Miss., Inc.*, No. 97-30969, 1999 WL 197149, at *12 (5th Cir. Mar. 25, 1999); Fed. R. Civ. P. 25(c); Fed. R. App. P. 43(b).

* * *

Jerry and Tamatha Walden appeal the district court's grant of MTGLQ Investors's motion for summary judgment. Because we hold that the district court did not err in its determination, we AFFIRM.

The Waldens argue that the district court erred in granting MTGLQ's motion for summary judgment because they had not had an opportunity to conduct discovery. However, the Waldens did not provide enough specific, factual information in response to MTGLQ's motion for summary judgment to justify delaying consideration of the motion or denying the motion in order to allow discovery per Federal Rule of Civil Procedure 56(d). "[N]on-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). We therefore reject this argument.

In addition, the Waldens assert that the district court erred in granting the motion for summary judgment because MTGLQ was simultaneously pursuing an expedited order for foreclosure in state court. But this argument fails because a state-court action for foreclosure under Texas Rule of Civil Procedure 736 is not a parallel proceeding. It "has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." Tex. R. Civ. P. 736.9; *accord Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 387 (5th Cir. 2017) (noting that Texas law states that a

No. 20-50944

Rule 736 action has no preclusive effect and is subject to "collateral attack" in other courts).

Furthermore, even if MTGLQ did simultaneously pursue both judicial and nonjudicial foreclosure—namely, by seeking both forms of relief in both its Third Amended Petition in the Rule 736 proceeding and its federal-court complaint—the Waldens forfeited any objection by failing to plead election of remedies as an affirmative defense in federal court. *See Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996) ("The doctrine of 'election of remedies' is an affirmative defense . . . ."); *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 (5th Cir. 2017) (stating that affirmative defenses are forfeited when not raised in responsive pleadings in district court).

Finally, the Waldens argue that the district court improperly admitted testimony from MTGLQ's representative. This argument is forfeited because they failed to raise this argument to the district court. We will not consider arguments that are raised for the first time on appeal and will only consider arguments which have been presented to the district court. *Hardman v. Colvin*, 820 F.3d 142, 152 (5th Cir. 2016).

\*　　\*　　\*

Because we conclude that the district court did not err in granting MTGLQ's motion for summary judgment, we AFFIRM.