# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2022

Lyle W. Cayce
Clerk

No. 20-50693

Raggio - 2204 Jesse Owens, L.L.C.; Stacey R. Hammer,

*Plaintiffs—Appellants*,

*versus*

John-Matthew Barrett Hattaway; Kathleen Ann Hattaway; University Federal Credit Union,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-697

Before Richman, *Chief Judge*, and Clement and Higginson, *Circuit Judges*.

Per Curiam:\*

Raggio – 2204 Jesse Owens, L.L.C. (Raggio) and Stacey Hammer appeal the district court's dismissal of their action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Because the *Rooker-Feldman*

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50693

doctrine cannot apply to void or non-preclusive state-court decisions, the doctrine does not apply to Raggio's claims. In contrast, because Hammer is a state-court loser alleging harm by a state-court judgment, and her federal suit requires review and reversal of that judgment, the doctrine does apply to Hammer's claims. Accordingly, we reverse the district court's judgment as to Raggio's claims and affirm as to Hammer's.

# I

This case concerns the forced sale of real property located at 2204 Jesse Owens Drive, Austin, Texas 78748 (the Property). Raggio owned the Property before the sale, and Stacey Hammer was a member of Raggio. In 2016, the Travis County District Court entered sanctions against Hammer and ordered that the Property be sold to satisfy that sanctions judgment. For a period of years after those orders, Raggio and Hammer litigated the validity of the Travis County District Court's appointment of a Turnover Receiver and the Turnover Receiver's ability to sell the Property to John-Matthew Barrett Hattaway and Kathleen Ann Hattaway (the Hattaways). During the proceedings, Hammer stored some of her personal belongings at the Property. Although ordered by the Travis County District Court to remove her personal belongings from the Property before the sale, Hammer failed to do so. The Property was ultimately sold to the Hattaways with Hammer's belongings inside the dwelling.

After Hammer twice appealed and Raggio petitioned for mandamus to the Texas Court of Appeals, in accordance with the conditional mandate from the Texas Court of Appeals, the Travis County District Court issued a ruling in October 2018 and two orders pursuant to that ruling in December 2018. The October 2018 ruling and the first December 2018 order vacated three 2016 orders as required by the conditional mandate, including the sanctions order that led to the seizure of the Property and the orders

No. 20-50693

authorizing the appointment of the Turnover Receiver and the sale of the Property.  The ruling and the first order also voluntarily vacated nine additional orders not addressed by the Court of Appeals.  Finally, the October 2018 ruling noted that the vacaturs "[a]rguably . . . raise questions as to [the] validity of the underlying sale of the [Property]" to the Hattaways.  However, it continued, the state district court "lacks plenary power and, therefore, cannot and will not make a decision or have an opinion on these questions of the sale's validity."

The second December 2018 order related to Hammer's "Motion for Final Receivership Accounting and Inventory, Return of Receivership Property That Belongs To [Hammer], and Termination of Receivership;" the Turnover Receiver's response and motion for sanctions; and Raggio's response.  The order compelled the Turnover Receiver to "pay to Raggio . . . all funds constituting proceeds of the sale of real property located at 2204 Jesse Owens Drive, which are in [the Turnover Receiver's] possession, custody[,] or control."  It also ordered the Travis County Constable and the Turnover Receiver to deliver to Hammer (or her agent) "all personal property in [their] possession, custody, or control that was collected from the real property located at 2204 Jesse Owens Drive."  The order concluded that "[a]ll relief sought by any party or interested party and not awarded above is DENIED," and that the order was "a final and appealable order which fully disposes of any and all remaining issues and concludes all proceedings in this case."  Neither Raggio nor Hammer appealed from the ruling or orders, or filed a writ of mandamus with a Texas court.

In July 2019, Raggio and Hammer filed their original complaint in federal district court.  Raggio filed the action "to recover clear title to and possession of the Property," pleading claims for "trespass to try title, suit to quiet title, and declaratory judgment" against the Hattaways and University

3

No. 20-50693

Federal Credit Union (UFCU), the lienholder under the deed of trust granted by the Hattaways. Hammer pleaded claims against the Hattaways for conversion and unjust enrichment, "seeking compensation for the loss of her personal belongings which the [Turnover] Receiver transferred to the Hattaways with the sale of the Property."

After Raggio filed a motion for partial summary judgment and the parties fully briefed that motion, the district court *sua sponte* asked the parties to submit briefs on the *Rooker-Feldman* doctrine. The parties did so, and the district court entered an order and associated judgment dismissing the federal action for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. After a failed "Motion for New Trial and to Alter or Amend Judgment," Raggio and Hammer timely filed their notice of appeal.

## II

As an initial matter, the Hattaways and UFCU argue that this appeal is moot because, shortly after the district court entered its dismissal, and Raggio and Hammer filed their notice of appeal, Raggio filed a state lawsuit against the Hattaways and UFCU in the 200th Judicial District Court in Travis County, Texas[1] alleging the same causes of action and seeking the same relief Raggio sought in the federal district court. The Hattaways and UFCU contend that the "jurisdiction of federal courts is limited to actual,

---

[1] *Raggio-2204 Jesse Owens, L.L.C. v. John-Matthew Barrett Hattaway & Univ. Fed. Credit Union*, No. D-1-GN-20-005481 (200th Dist. Ct., Travis County, Tex. Sept. 30, 2020).

No. 20-50693

ongoing cases and controversies" and Raggio's "act of filing a new case in [s]tate court dissolves the controversy."

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[2] Due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,"[3] the Supreme Court "has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction."[4] Thus, the Hattaways and UFCU's argument is inapposite and this appeal is not moot.

### III

Raggio and Hammer appeal the district court's dismissal of their claims for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine, arguing that three of the doctrine's four required elements are not satisfied. We review de novo the district court's dismissal for lack of subject matter jurisdiction.[5]

The "*Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state-court judgments except when

---

[2] *Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597, 609 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

[3] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted).

[4] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (internal quotation marks omitted) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

[5] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) (reviewing de novo a district court's dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine).

authorized by Congress."[6]  It is a "narrow doctrine"[7] comprising four elements: "(1) a state-court loser; (2) alleging harm caused by a [final] state-court judgment [rendered by a state's court of last resort]; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment."[8]  The third element is undisputed in this case.

## A

We first address Raggio's action "to recover clear title to and possession of the Property," including "claims for trespass to try title, suit to quiet title, and declaratory judgment against the Hattaways" and UFCU.

The *Rooker-Feldman* doctrine requires "a state-court loser."[9]  Raggio argues that it is not a state-court loser because it was not a party to the state suit.  Further, Raggio contends, it is not a loser because it was "vindicated" through the mandamus proceeding that led to the December 2018 orders.  The Hattaways and UFCU argue that Raggio is a losing party because the L.L.C. "was in privity with Hammer and filed the writ of mandamus action," and the December 2018 orders gave possession of the Property to the Hattaways, rather than Raggio.

---

[6] *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Truong*, 717 F.3d at 382); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

[7] *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) (citing *Exxon Mobil*, 544 U.S. at 284).

[8] *Burciaga*, 871 F.3d at 384 (quoting *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (per curiam) (unpublished)); *see also id.* (citing *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)).

[9] *Id.* at 384 (quoting *Venneta Queen*, 606 F. App'x at 730).

No. 20-50693

As an initial matter, the Hattaways and UFCU's privity argument is inapposite because the *Rooker-Feldman* doctrine does not bar actions simply based on preclusion law principles.[10] As for Raggio's nonparty argument, the *Rooker-Feldman* "doctrine has no application to a federal suit brought by a nonparty to the state suit."[11] Thus, a nonparty cannot be a state-court loser. The Supreme Court has described a nonparty to state suits in the *Rooker-Feldman* context as "a party not named" in an earlier state-court proceeding.[12] Although Raggio was not a formal party to the original state-court case, the L.L.C. was a party named throughout the latter stages of the state-court proceedings.

First, Raggio was named in at least two orders by the district court related to the Turnover Receiver. Second, Raggio was named as the relator in the mandamus proceeding in the Texas Court of Appeals which led to the Travis County District Court's vacation of numerous orders. Hammer even

---

[10] *Lance*, 546 U.S. at 466 (per curiam) (holding—contrary to the Hattaways and UFCU's argument—that the "*Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment").

[11] *Exxon Mobil Corp.*, 544 U.S. at 287 (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Lance*, 546 U.S. at 464-66; *De Grandy*, 512 U.S. at 1005-06 ("[U]nder [the *Rooker-Feldman* doctrine,] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. But the invocation of *Rooker/Feldman* is just as inapt here, for unlike Rooker or Feldman, the United States was not a party in the state court. It was in no position to ask this Court to review the state court's judgment and has not directly attacked it in this proceeding." (citations omitted)).

[12] *Lance*, 546 U.S. at 466 n.2 ("In holding that *Rooker–Feldman* does not bar the plaintiffs here from proceeding, we need not address whether there are any circumstances, however limited, in which *Rooker–Feldman* may be applied against *a party not named* in an earlier state proceeding—e.g., where an estate takes a de facto appeal in a district court of an earlier state decision involving the decedent." (emphasis omitted and emphasis added)).

mentioned Raggio in her response to the Turnover Receiver's Memorandum of Law filed after the mandamus opinion. Third and most notably, both December 2018 state district court orders named the L.L.C. In the first order vacating numerous prior orders, Raggio is listed as an "interested third party." In the second order regarding Hammer's "Motion for Final Receivership Accounting and Inventory, Return of Receivership Property That Belongs To [Hammer], and Termination of Receivership"—as well as Raggio's response to that motion—Raggio is mentioned as a "third party" to which the Turnover Receiver "shall pay" "all funds constituting proceeds of the sale of real property located at 2204 Jesse Owens Drive." "Counsel for third party Raggio" signed and approved as to form both orders. So, in the *Rooker-Feldman* context, Raggio is not considered a nonparty and thus the doctrine may still apply.

We turn to whether Raggio is a "loser" for *Rooker-Feldman* purposes. Focusing on the last order made by the state district court, the Hattaways and UFCU contend that the state district court's second December 2018 order gave possession of the Property to the Hattaways, thus rendering Raggio a state-court loser. However, neither the 2016 orders by which Raggio lost possession of the Property nor the December 2018 order by which Raggio failed to regain possession qualify Raggio as a state-court loser for *Rooker-Feldman* purposes.

As for the 2016 orders, "*Rooker-Feldman* does not preclude review of void state court judgments."[13] In *Burciaga v. Deutsche Bank National Trust Co.*,[14] a bank failed to defeat a motion by homeowners in Texas state court to

---

[13] *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 385 (5th Cir. 2017) (citing *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994)).

[14] 871 F.3d 380.

vacate a foreclosure order.[15] This court deemed that failure meaningless in determining whether the bank was a loser under the *Rooker-Feldman* doctrine because the order vacating the foreclosure order was void for lack of jurisdiction.[16] As with the bank in *Burciaga*, the 2016 orders permitting the Property to be sold to the Hattaways were held to be void for lack of jurisdiction. So, *Rooker-Feldman* does not apply regarding those orders.

As for the December 2018 order, courts "generally do not apply *Rooker-Feldman* 'to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel.'"[17] In *Burciaga*, homeowners who failed to defeat a foreclosure order were not precluded from litigating the issue in federal court because the order had no preclusive effect under Texas law.[18] The same is true here regarding Raggio's federal claims. While the final December 2018 order following the first December 2018 order vacating the state district court's authorization of the sale of the Property ostensibly denied all relief not otherwise granted, that was not a judgment intended to have preclusive effect as to the validity of the sale. The December 2018 orders were prepared and signed by the parties pursuant to a prior directive from the state district court, the October 2018 ruling. The October 2018 ruling explicitly noted, "Arguably, these rulings raise questions as to the validity of the underlying sale of the real property. However, as noted, the Court lacks plenary power and, therefore, cannot and will not make a decision or have an opinion on these questions of the sale's validity."

---

[15] *Id.* at 382-83.

[16] *Id.* at 385-87.

[17] *Id.* at 387 (quoting *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 730 (5th Cir. 2011)).

[18] *Id.* at 387-88.

The state district court did not expressly decline to return possession of the Property to Raggio—beyond noting that it had no jurisdiction to adjudicate a title dispute between Raggio and the non-party Hattaways—nor did it expressly award Raggio funds held in the court registry in lieu of returning possession. Rather, the state district court merely stated it would not opine regarding the sale's validity, disposed of assets held by the state court, and resolved outstanding administrative concerns, such as compensation for the Turnover Receiver. As with the homeowners in *Burciaga*, when a party's claims are not resolved with preclusive effect, *Rooker-Feldman* does not apply.[19]

Because the 2016 orders permitting the Property to be sold to the Hattaways are void for lack of jurisdiction and the December 2018 order flowing from the October 2018 ruling has no preclusive effect, the *Rooker-Feldman* doctrine does not apply to Raggio's federal claims regarding "title to and possession of the Property." Thus, the federal district court does not lack subject matter jurisdiction on that basis to hear those claims.

## B

We next consider Hammer's claims against the Hattaways for conversion and unjust enrichment, through which she seeks "compensation for the loss of her personal belongings which the [Turnover] Receiver transferred to the Hattaways with the sale of the Property."

---

[19] *Id.* at 387.

No. 20-50693

**1**

First, the *Rooker-Feldman* doctrine requires "a state-court loser."[20] Hammer does not contest that she was a party to the state-court litigation. However, she argues that she is not a state-court "loser" because she was "vindicated" through her appeals, as well as the mandamus proceeding that led to the December 2018 orders.

The order from which we shall assess whether Hammer is a "state-court loser" is the second December 2018 order because it is the final state-court order regarding the subject matter of Hammer's federal claims—all of Hammer's personal property located at 2204 Jesse Owens Drive. The second December 2018 order directed the Travis County Constable to deliver to Hammer (or her agent) "all personal property in the Constable's possession, custody, or control that was collected from the [Property]." It also directed the Turnover Receiver to deliver to Hammer (or her agent) "all personal property in [the Turnover Receiver's] possession, custody, or control, as set out in his Report and Inventory thereto filed September 19, 2016, that was collected from the [Property]." The order concluded that "[a]ll relief sought by any party . . . and not awarded above is DENIED."

A loser is "a person or thing that loses"[21] and to "lose" is "to fail to win, gain, or obtain."[22] Hammer failed to obtain her personal property located at the Property in the Hattaways' possession (or monetary compensation in lieu of her possession) as she now requests. She merely

---

[20] *Id.* at 384 (quoting *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (per curiam) (unpublished)).

[21] *Loser*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/loser (last visited Aug. 18, 2022).

[22] *Lose*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/lose (last visited Aug. 18, 2022).

No. 20-50693

obtained the personal property in the Turnover Receiver's and Constable's possession, custody, or control that was collected from the Property. Consequently, she is a state-court loser for the purpose of this federal action.

## 2

Second, the *Rooker-Feldman* doctrine requires that the state-court loser allege "harm caused by a [final] state-court judgment" rendered by a state's court of last resort.[23]

Hammer wrongly focuses on other judgments in the years-long state-court proceedings as the "state-court judgments" at issue. Those judgments, she argues, did not cause her harm, thus foreclosing the satisfaction of the second *Rooker-Feldman* element. But based on Hammer's arguments in the district court and her briefing on appeal, the state-court judgment Hammer is actually alleging caused harm is the state district court's second December 2018 order—a final, appealable judgment[24] from which she did not appeal. As stated regarding the first element, the second December 2018 order is the final state-court order regarding the subject matter of Hammer's federal claims—all of Hammer's personal property that was located at the Property. Indeed, Hammer contends in her argument summary: "The December 18, 2018 order cleared the path for [Hammer] to bring [her] claims in this action."

Further, Hammer "alleges harm" caused by that December 2018 order. The state district court expressly declined to order the Hattaways to

---

[23] *Burciaga*, 871 F.3d at 384 (quoting *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (per curiam) (unpublished)); *see also id.* (citing *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)).

[24] *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581-82 (Tex. 2018) (per curiam).

compensate Hammer monetarily for all of her personal property located at the Property, as Hammer now requests the federal court do. Via her conversion and unjust enrichment claims, Hammer is collaterally attacking the state district court's December 2018 order, thus indirectly alleging harm from it.[25] So, she is alleging harm caused by a final state-court judgment rendered by the state's court of last resort in the action.

**3**

Finally, the doctrine requires that "the federal suit requests review and reversal of the state-court judgment."[26] Hammer alleges that she "want[s] the district court to *respect* the December 18, 2018 order, not reverse it." That is not the case.

If the federal district court were to hear Hammer's federal claims "against the Hattaways for conversion and unjust enrichment, seeking compensation for the loss of her personal belongings," the court would in essence be called upon to review the state district court's decision to direct the Travis County Constable and Turnover Receiver to deliver to Hammer "all personal property in [their] possession, custody, or control that was collected from the" Property rather than order the Hattaways to compensate Hammer monetarily for the loss of all of her personal property located at the Property. That is, the federal district court would in essence be called upon

---

[25] *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("The *Rooker/Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments. A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." (footnote omitted)).

[26] *Burciaga*, 871 F.3d at 384 (5th Cir. 2017) (quoting *Venneta Queen*, 606 F. App'x at 730).

to review the state district court's decision regarding all of Hammer's personal property located at the Property.

Moreover, if the federal district court were to grant the relief Hammer requested from those claims, it would modify, and thus reverse an aspect of, the state district court's judgment.[27] As the Hattaways correctly contend, in her "declaratory judgment action, [Hammer] sought review and reversal of this already heavily litigated action in [s]tate [c]ourt, and want[s] exactly what the [s]tate court refused to do—return [of] the property to [Hammer]." If Hammer disagreed with the state district court's disposition of the personal property, she should have appealed from the second December 2018 order or filed for other relief in state court, rather than now attacking the judgment in federal court.

In sum, because Hammer's federal claims satisfy all four required elements of the *Rooker-Feldman* doctrine, the federal district court lacks subject matter jurisdiction to hear those claims.

*       *       *

The *Rooker-Feldman* doctrine does not apply to Raggio's claims regarding the Property but does apply to Hammer's claims regarding the personal property located at the Property. Accordingly, we REVERSE the district court's judgment as to Raggio's claims and AFFIRM the district court's judgment as to Hammer's. Each party shall bear its own costs.

---

[27] *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004); *see also Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (per curiam) (unpublished) (citing *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 318 (5th Cir. 1994) (summary calendar) ("Liedtke's recourse was with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court.").