# United States Court of Appeals for the Fifth Circuit

_____

No. 23-30027
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

Alka Pittman, *on behalf of minor children* T.C. and A.C. (biological Indigenous children) *As Members of Tchou Tchouma Tchoupitoulas Nation*,

> *Plaintiff—Appellant*,

*versus*

22nd Judicial District Court, *St. Tammany Parish*; Department of Revenue State of Louisiana, Office of Child Support,

> *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2242

_____

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alka A. Pittman moves for leave to proceed in forma pauperis (IFP) on appeal of the dismissal of her federal civil action for lack of subject matter

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The district court ruled that Pittman's lawsuit collaterally attacking a Louisiana court's custody and child support orders was barred by the *Rooker-Feldman* doctrine.[1] It denied Pittman IFP status, certifying that her appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into Pittman's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). The *Rooker-Feldman* doctrine "directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Pittman's civil action satisfies all four conditions for applying *Rooker-Feldman*. *See Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). Although *Rooker-Feldman* does not bar federal court review of "independent claims" for injuries that do not "aris[e] from the [state court] judgment" itself, *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 (5th Cir. 2013), Pittman has not identified any such claim.

Because Pittman's appeal lacks arguable merit, her motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).