Ralph D. HUSTON and Christina Huston, Appellants,

v.

U.S. BANK NATIONAL ASSOCIATION, Appellee.

No. 01–10–01026–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 27, 2011.

Ralph D. Huston, The Huston Law Firm, Houston, TX, for Appellants.

Richard A. Illmer, Brown McCarroll LLP, Dallas, TX, for Appellee.

Panel consists of Justices JENNINGS, SHARP, and BROWN.

## OPINION

HARVEY BROWN, Justice.

This appeal arises from the dismissal of a counterclaim filed by Ralph and Christina Huston in the underlying proceeding brought by U.S. Bank National Association for expedited, non-judicial foreclosure of a home equity loan.[1] In three issues, the Hustons contend (1) the district court lacked authority to dismiss their counterclaim absent a request from U.S. Bank to do so, (2) they were entitled to notice of and a hearing on the dismissal of their counterclaim, and (3) their counterclaim was compulsory. Because we hold that a counterclaim seeking affirmative relief cannot properly be asserted in an expedited, non-judicial foreclosure proceeding, like the one initiated by U.S. Bank, we affirm the district court's dismissal order.

## Background

In the 151st District Court, U.S. Bank applied under Texas Rule of Civil Procedure 736 for an order allowing it to proceed against the Hustons with an expedited, non-judicial foreclosure of their home equity loan. The Hustons contested U.S. Bank's application by filing an "original answer" asserting various defenses and a plea for abatement and dismissal of the foreclosure proceeding pursuant to rule 736(10).[2] The Hustons also filed a separate pleading, entitled "Counterclaim for Declaratory Relief Contesting Right to Foreclosure," alleging that U.S. Bank did not have any right to foreclose because it did not have a valid assignment of the loan, the extension of credit violated constitutional restrictions, and Christina did not sign the loan agreement. They designated their counterclaim for declaratory relief a "Level 3" suit for purposes of discovery, requested a jury trial, and sought the recovery of attorneys' fees.

---

1. *See* Tex.R. Civ. P. 736.

2. A proceeding under rule 736 must be "automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the application is pending. A proceeding that has been abated shall be dismissed." Tex.R. Civ. P. 736(10).

Almost one month after they contested the rule 736 proceeding, the Hustons filed an original petition for declaratory judgment with the 80th District Court, seeking the same relief against U.S. Bank. Shortly after receiving notice of the separately-filed lawsuit, the 151st District Court dismissed the entire foreclosure proceeding without prejudice, including U.S. Bank's application and the Hustons' counterclaim for declaratory relief. The dismissal order, deemed "final and appealable" by the district court, stated that it was pursuant to the Hustons' plea in abatement and their counterclaim.

The Hustons challenged the dismissal of their counterclaim by motion for new trial, which the district court denied by written order.

### Standards for Construing Rules of Procedure

■ This appeal requires us to construe Texas Rule of Civil Procedure 736. Well-settled principles guide us: the same rules of construction apply to rules of procedure and to statutes. *See BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). Rule 736 must be read as a whole to ascertain its intent. *See Tex. Bldg. Owners & Managers Ass'n, Inc. v. Pub. Util. Comm'n of Tex.*, 110 S.W.3d 524, 531 (Tex.App.-Austin 2003, pet. denied) (citing *State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 196 (Tex.1994)). "When a rule of procedure is clear, unambiguous, and specific, we construe its language according to its literal meaning." *Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex. App.-Houston [1st Dist.] 2000, pet. denied). The Code Construction Act applies and, among other things, permits our consideration of the object sought to be attained, the circumstances under which the rule was enacted, and the consequences of a particular construction. *See* Tex. Gov't Code Ann. §§ 311.002(a)(4), 311.023(1)-(3), (5) (West 2005); *see also BASF*, 168 S.W.3d at 871. With regard to how courts should interpret and apply the rules, the rules themselves instruct:

> The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense to both the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

Tex.R. Civ. P. 1.

### Counterclaims in Rule 736 Proceedings

■ As a threshold matter, we consider whether the order dismissing the Hustons' counterclaim is appealable. U.S. Bank argues that we lack jurisdiction over the Hustons' appeal because the district court disposed of their counterclaim and the foreclosure proceeding in the same order, and rule 736(8) prohibits appeals from any order "disposing of a [r]ule 736 proceeding." We do not read rule 736(8) so broadly. By its plain language, the rule prohibits appeals only from "[t]he granting or denial of [a rule 736] application." *See* Tex.R. Civ. P. 736(8)(A). The rule makes no mention of any other ruling by the district court, such as the dismissal of a borrower's counterclaim contesting the lender's right to foreclose. *See id.* Given our directive to give effect to "clear, unambiguous, and specific" language, we will not read a prohibition against appeals from these types of orders into the rule when one is not expressly stated. *See Bradt*, 14 S.W.3d at 762. The district court's dismissal order disposed of all parties and issues and stated that it was "final and appealable." Consequently, we will not dismiss the Hustons' appeal; instead, we proceed to the merits of their contentions.

This case presents a matter of first impression as to the propriety of counterclaims in rule 736 foreclosure proceedings. Each of the Hustons' three appellate issues asserts a procedural reason why the district court erred in dismissing their counterclaim—namely because (1) U.S. Bank failed to request the dismissal of the counterclaim, (2) they were entitled to notice of and a hearing on the dismissal, and (3) the counterclaim was compulsory. The assumption underlying each of these assertions is that a rule 736 foreclosure proceeding functions as an ordinary lawsuit. That assumption, however, is incorrect.

The Texas Supreme Court promulgated the "Procedures Related to Home Equity Loan Foreclosure" in response to the Legislature's enactment of section 51.002 of the Property Code, allowing for non-judicial foreclosures. *See* TEX. PROP.CODE ANN. § 51.002 (West 2007); *see also* TEX.R. CIV. P. 735, 736. Under these procedures, a party seeking to foreclose a home equity loan has three options: file "(1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and TEX. PROP.CODE § 51.002; or (3) an application under Rule 736 for an order allowing foreclosure." TEX.R. CIV. P. 735. U.S. Bank exercised its third option by filing an application for an order allowing foreclosure under rule 736.

Rule 736 appears in that part of the Rules of Civil Procedure relating to "special proceedings." *See* TEX.R. CIV. P. 735–813. When read as a whole, rule 736—titled "Expedited Foreclosure Proceeding"—does not contemplate an ordinary lawsuit. As its name suggests, Rule 736 provides a faster, more streamlined alternative to judicial foreclosure. A lender initiates the "proceeding" by filing an "application," not an original petition, and the borrower may file a "response," not an original answer. *Compare* TEX.R. CIV. P. 736(1) (describing proceeding and contents of application), *with* TEX.R. CIV. P. 45(a) (requiring a petition and answer in each lawsuit), *and* TEX.R. CIV. P. 47 (describing contents of a petition or counterclaim).

Only one issue may be decided under rule 736: "the right of the applicant to obtain an order to proceed with foreclosure under the security instrument and TEX. PROP.CODE § 51.002." TEX.R. CIV. P. 736(7); *see* TEX. PROP.CODE ANN. § 51.002. The rule contemplates a single hearing at which the district court must determine whether the applicant has satisfied its burden to prove "the grounds for the granting of the order sought in the application"; there is no provision for any other determination to be made by a factfinder. *See* TEX.R. CIV. P. 736(6). The application must be denied if the respondent establishes that the applicant has not satisfied any element under the rule. *See id.* The district court's determination of whether to grant or deny the application is not intended to be a binding adjudication of the merits of any disputes between a lender and a borrower. Indeed, the rule expressly states that the district court's determination is without any preclusive effect. TEX.R. CIV. P. 736(9) ("No order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral stopped or estoppel by judgment in any other proceeding or suit."). The limited nature of a rule 736 foreclosure proceeding is further underscored by the rule's prohibition against discovery. TEX.R. CIV. P. 736(6) ("No discovery of any kind shall be permitted in a proceeding under Rule 736").

Rule 736 does not expressly address whether a respondent may file a counterclaim seeking affirmative relief from the applicant. Given the special nature of proceedings under the rule, however, we con-

clude that a counterclaim that attempts to address the underlying merits of the applicant's conduct—and for which discovery would be necessary—is incongruent with the purposes of a rule 736 proceeding. The rules on which the Hustons rely to challenge the district court's dismissal order govern jurisdictional motions and pleas, notice requirements, and compulsory counterclaims in ordinary lawsuits. The Hustons have not offered any authority or persuasive reason why those rules apply in a special proceeding under rule 736. Consequently, we decline to hold that the rules do apply. Instead, we conclude that the Hustons could not properly assert their counterclaim for declaratory relief as part of U.S. Bank's rule 736 foreclosure proceeding, and therefore the district court did not err in dismissing the counterclaim together with the rule 736 foreclosure proceeding.

Our construction of rule 736 does not violate the objective "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants" by leaving the Hustons without any recourse at law or in equity. *See* Tex.R. Civ. P. 1. Their counterclaim for declaratory relief was dismissed as part of the Rule 736 proceeding after they filed a separate lawsuit contesting U.S. Bank's right to foreclose. *See* Tex.R. Civ. P. 736(10). The Hustons may pursue their claim against U.S. Bank in that lawsuit.

We overrule the Hustons' first, second, and third issues.

### Conclusion

Having concluded that the district court did not err in dismissing the Hustons' counterclaim, we affirm the dismissal order.