# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2019

Lyle W. Cayce
Clerk

No. 19-10701
Summary Calendar

CRAIG PITTMAN; KELLY KONACK PITTMAN,

Plaintiffs - Appellants

v.

SETERUS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-3076

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Two pro se plaintiffs, Craig Pittman and Kelly Koncak Pittman (the Pittmans), appeal the district court's dismissal of several claims against their loan servicer, Nationstar Mortgage, LLC (Nationstar).[1]  They seek to void a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Though Seterus, Inc. (Seterus), remains on the caption, Nationstar acquired Seterus earlier this year and replaced Seterus in this litigation.  Meanwhile, the Federal National Mortgage Association (Fannie Mae) is not a party to this appeal, despite its role as the lender

foreclosure sale of their residence, quiet title, and obtain injunctive and declaratory relief sufficient to ensure that Nationstar "is forever barred from foreclos[ing] on [their] property." We affirm.

The Pittmans' appeal turns entirely on whether Nationstar and Fannie Mae satisfied Texas's four-year statute of limitations for foreclosure actions and foreclosure sales. *See* Tex. Civ. Prac. & Rem. Code § 16.035. The district court held that the statute of limitations was satisfied in 2014, when Fannie Mae counterclaimed for a federal-court order authorizing foreclosure. The Pittmans argue that this conclusion was in error because the counterclaim and the proceedings that it initiated were moot given an earlier state-court order authorizing non-judicial foreclosure under Texas Rule of Civil Procedure 736 (the Rule 736 order).

The Pittmans appear to believe that, properly construed, the statute of limitations can be satisfied only by claims and proceedings that meet the Article III case or controversy requirement; it would follow that the allegedly moot proceedings initiated by the 2014 counterclaim do not suffice. According to the Pittmans, the counterclaim must have been moot because (1) the Rule 736 order allowed Fannie Mae to proceed to a foreclosure sale, such that (2) the order produced by the counterclaim could not afford new relief "affect[ing] the rights of the litigants in the case." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

We assume *arguendo* that the Pittmans' interpretation of the statute is correct, though the Pittmans have not directed us to any authority suggesting that it is, and we assume also that the Rule 736 order was effective when the counterclaim was filed, though Nationstar disputes that it was. Even so, the

---

on the Pittmans' home loan and despite having played an active role in earlier, related proceedings.

No. 19-10701

Pittmans' argument fails to persuade.  There is simply no reason to believe that the 2014 counterclaim was moot.  Fannie Mae's counterclaim requested authorization for non-judicial foreclosure *and* judicial foreclosure in the alternative.[2]  Texas law draws a careful distinction between the two, with each implicating different rights, remedies, and procedures.  *See De La Garza v. Bank of New York Mellon*, No. 02-17-00427-CV, 2018 WL 5725250, at *8–*9 (Tex. App.—Fort Worth Nov. 1, 2018, no pet.); *see also In re Erickson*, 566 F. App'x 281, 284 (5th Cir. 2014) (under Texas law, judicial foreclosure and non-judicial foreclosure are "separate and distinct remedies").  Non-judicial foreclosures are subject to burdensome statutory restrictions that do not apply to judicial foreclosures, and so (at least in some respects) judicial foreclosure is a superior remedy that could be attractive to a lender already authorized to foreclose non-judicially.  *See* Tex. Prop. Code § 51.002; *De La Garza*, 2018 WL 5725250, at *8.

Rule 736 is an avenue for non-judicial foreclosure only, having been enacted to provide a "streamlined *alternative* to judicial foreclosure."  *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (emphasis added); Tex. R. Civ. P. 735.1, 735.3.  Thus, Fannie Mae's 2014 counterclaim could not have been entirely moot.  Even if the Rule 736 order provided a path to *non*-judicial foreclosure, the counterclaim initiated a live controversy with respect to *judicial* foreclosure.  The Pittmans do not suggest that a partially moot, partially live foreclosure action could fail to satisfy the statute of limitations, and we do not see how it could.  *See* Tex.

---

[2] A similar counterclaim was found to satisfy the statute of limitations in *Metcalf v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-16-00795-CV, 2017 WL 1228886, at *4 (Tex. App.—Austin Mar. 29, 2017, pet. denied).  Though that case did not address a mootness argument like the one at issue here, we find it instructive nonetheless.  *Metcalf* makes clear that a party seeking authorization for non-judicial foreclosure can rely on an alternative claim for judicial foreclosure to satisfy the statute of limitations and preserve its power of sale.

No. 19-10701

Civ. Prac. & Rem. Code § 16.035(a) (requiring only a "suit for . . . the foreclosure of a real property lien").

In any event, Rule 736 is no ordinary vehicle for non-judicial foreclosure. The rule imposes special restrictions that would not have applied to an order obtained by the counterclaim. When a Texas court grants an application for non-judicial foreclosure under Rule 736, it "is not intended to be a binding adjudication of the merits of any dispute[] between a lender and a borrower." *Huston*, 359 S.W.3d at 682. An "order under [Rule 736] is automatically stayed if a respondent files a separate, original proceeding . . . related to the origination, servicing, or enforcement of the loan agreement." Tex. R. Civ. P. 736.11(a). The order is "without prejudice and has no res judicata, collateral estoppel, estoppel by judgement, or other effect in any other judicial proceeding." Tex. R. Civ. P. 736.9.

In this case, the Pittmans commenced an independent judicial proceeding soon after Fannie Mae received foreclosure authorization under Rule 736. As such, the presiding court was necessarily asked to decide questions that would "affect the rights of the litigants" when Fannie Mae brought its counterclaim. *Rice*, 404 U.S. at 246. The counterclaim requested a final, binding order that would allow Fannie Mae to foreclose without the potential disturbance of subsequent litigation. By contrast, the Rule 736 order was at all times subject to a contingency and would have been nullified if the Pittmans had prevailed in their lawsuit.

For these reasons, it is apparent that the counterclaim initiated an Article III controversy and that the statute of limitations was satisfied. The judgment of the district court is

AFFIRMED.

4