**Affirmed and Opinion Filed November 8, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00925-CV

### GRACE ANYENYA, Appellant
### V.
### APOLLO VILLA HOA, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03356**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

In the underlying case, appellee Apollo Villa HOA filed a nonsuit of its lien-foreclosure case against appellant Grace Anyena. In two issues, Anyena argues that the trial court erred by (1) entering an order of dismissal because she had pending claims for relief, and (2) failing to order Apollo Villa to reimburse her court costs. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.2(a).

On October 2, 2019, Apollo Villa filed a lien against Anyena's property for "nonpayment of assessments and related charges" pursuant to its Declaration of Covenants, Conditions, and Restrictions (Declaration). On March 10, 2021, Apollo

Villa sent a letter to Anyena demanding payment of $8,749.68 in unpaid assessments and late fees. On March 29, 2022, Apollo Villa filed this foreclosure suit under Texas Rule of Civil Procedure 736. Anyena filed an answer, asserting a general denial and several affirmative and other defenses.

On July 14, 2022, Anyena filed a plea to the jurisdiction and motion to dismiss, arguing that an arbitration provision in the Declaration, "a specialized kind of forum-selection clause," deprived the trial court of jurisdiction. Anyena also requested that she be awarded attorney's fees pursuant to section 82.161 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 82.161(b) ("The prevailing party in an action to enforce the declaration, bylaws, or rules is entitled to reasonable attorney's fees and costs of litigation from the nonprevailing party."). On August 11, a week before the scheduled hearing on Anyena's motion to dismiss, Apollo Villa entered a notice of nonsuit without prejudice. The following day, the trial court entered an order of nonsuit, dismissing Apollo Villa's claims without prejudice and ordering that each party bear its own costs. Anyena filed a motion to reconsider the order, which the trial court denied. This appeal followed.[1]

In her first issue, Anyena asserts that the trial court erred in dismissing the case because she had pending requests for affirmative relief at the time of Apollo

---

[1] Ordinarily, an order granting or denying a Rule 736 application is not appealable. *See* TEX. R. CIV. P. 736.8(c); *Grant-Brooks v. FV-1, Inc.*, 176 S.W.3d 933 (Tex. App.—Dallas 2005, pet. denied) (dismissing appeal from grant of Rule 736 application for want of jurisdiction). Here, however, the trial court did not grant or deny Apollo Villa's application; rather, the trial court entered an order of dismissal based on Apollo Villa's notice of nonsuit.

–2–

Villa's nonsuit. Specifically, Anyena argues that her motion to dismiss the proceeding with prejudice and her request for attorney's fees should have survived the nonsuit. Apollo Villa responds that Rule 736 does not allow Anyena to seek the type of relief she has requested and, even if it did, Anyena's claims would not survive a nonsuit. We agree with Apollo Villa.

Rule 736, titled "Expedited Foreclosure Proceeding," offers a lienholder in real property a "faster, more streamlined alternative to a judicial foreclosure." *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. R. CIV. P. 736). In a Rule 736 proceeding, the trial court is authorized to make only one ruling on the merits of a case—whether the lienholder is entitled to foreclose. *See* TEX. R. CIV. P. 736.8(a) ("The court must issue an order granting the application if the petitioner establishes the basis for the foreclosure. Otherwise, the court must deny the application."); *see also Huston*, 359 S.W.3d at 682 ("Only one issue may be decided under Rule 736: 'the right of the applicant to obtain an order to proceed to foreclosure. . . .'"). The respondent in a Rule 736 may not assert an "independent claim for relief." *See* TEX. R. CIV. P. 736.5(d). Such affirmative claims may be raised, however, if the respondent files a "separate, original proceeding in a court of competent jurisdiction," at which point the Rule 736 proceeding is automatically stayed. *See* TEX. R. CIV. P. 736.11(a).

Under Rule 162, a plaintiff may nonsuit its claims at any time before introducing all of its evidence other than rebuttal evidence. TEX. R. CIV. P. 162.

However, a nonsuit under Rule 162 "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id.* For the purposes of Rule 162, a "claim for affirmative relief is one 'on which the claimant could recover compensation or relief even if the plaintiff abandons his cause of action.'" *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 38 (Tex. 2008) (quoting *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006)). For example, "a plaintiff's nonsuit cannot extinguish a defendant's counterclaim for costs and attorney's fees." *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). Conversely, "a request for arbitration, in and of itself, is not a claim for affirmative relief" and therefore does not survive a nonsuit. *Comp-E-Ware Tech. Associates, Inc. v. Mushkin, Inc.*, 629 S.W.3d 549, 556 (Tex. App.—Fort Worth 2021, pet. denied).

Construing Rules 162 and 736 together, we conclude that it is immaterial how we classify Anyena's motion to dismiss and request for attorney's fees. If they are affirmative claims for relief, then Rule 736 prohibits her from bringing them in this proceeding. *See* TEX. R. CIV. P. 736.5(d), 736.8(a); *Huston*, 359 S.W.3d at 682. If they are not, then they do not survive Apollo Villa's nonsuit. *See* TEX. R. CIV. P. 162; *Ledbetter*, 251 S.W.3d at 38. In either case, Anyena is not entitled to reversal.[2] We overrule Anyena's first issue.

---

[2] Our conclusion should not be read as a ruling on the merits of Anyena's requested relief.

In her second issue, Anyena complains that the trial court erred in ordering that each party bear its own costs because Rule 162 requires costs to be taxed against the nonsuiting party. We disagree. Ordinarily, a trial court has discretion to allocate costs among the parties. *See* TEX. R. CIV. P. 141; *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex. 1985). Rule 162 provides, in part: "Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party *unless otherwise ordered by the court*." TEX. R. CIV. P. 162 (emphasis added). Thus, the trial court retains discretion to allocate costs even when the case is nonsuited pursuant to Rule 162. Here, Anyena neither argues that the trial court abused its discretion nor explains what costs she incurred that should have been taxed against Apollo Villa. In the absence of such argument and evidence, we decline to conclude that the trial court abused its discretion in ordering each party to pay its own costs. We overrule Anyena's second issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220925F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GRACE ANYENYA, Appellant

No. 05-22-00925-CV        V.

APOLLO VILLA HOA, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-03356. Opinion delivered by Justice Goldstein. Justices Nowell and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee APOLLO VILLA HOA recover its costs of this appeal from appellant GRACE ANYENYA.

Judgment entered this 8th day of November 2023.