**Opinion issued July 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00438-CV

———————————

### IN RE JPMORGAN CHASE BANK, N.A., Relator

———————————————————————————————————

### Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————————

## MEMORANDUM OPINION

This mandamus arises from an expedited foreclosure proceeding under Texas Rule of Civil Procedure 736. The mandamus turns, in large part, on the plain language of that rule.

Relator JPMorgan Chase Bank (JPMC) initiated this Rule 736 foreclosure proceeding against Dwight Smith to foreclose on a home equity lien.[1] Real party in interest, Fermin Ortiz, then attempted to intervene into the proceeding and assert a negligence "counterclaim" against JPMC.

But Rule 736.5(d) requires a trial court to strike and dismiss a counterclaim or intervention filed in a Rule 736 proceeding. *See* TEX. R. CIV. P. 736.5(d). Indeed, the rule states in plain language: the trial court "must, without a hearing, strike and dismiss any counterclaim, cross claim, third party claim, intervention, or cause of action filed by any person in a Rule 736 proceeding." *Id.* Per the rule's terms, one who seeks to bring a claim like Ortiz's must instead pursue it separately.

JPMC moved to strike the intervention and counterclaim on that basis. Yet despite the clear statutory language, the trial court denied JPMC's motion.

JPMC now asks this Court to grant mandamus relief.[2] Because the plain language of Rule 736.5(d) required the trial court to strike and dismiss Ortiz's intervention and counterclaim, we agree with JPMC that the trial court abused its discretion in denying JPMC's motion. We also agree that JPMC does not have an

---

[1]    The underlying case is *In re Order for Foreclosure Concerning 8015 Lanham Ln., Houston, TX 77075*, cause number 2024-78800, pending in the 151st District Court of Harris County, the Honorable Erica R. Hughes presiding.

[2]    We requested a response from Ortiz, but none was filed.

adequate remedy by appeal for the error. Accordingly, we conditionally grant mandamus relief.

**JPMC is entitled to mandamus relief.**

Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023).

**A.** **The trial court abused its discretion in denying the motion to strike.**

A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018). "A trial court's 'failure to analyze or apply the law correctly is an abuse of discretion.'" *Kappmeyer*, 668 S.W.3d at 654.

> **1.** ***Rule 736 includes specific rules governing expedited foreclosure proceedings.***

Rule 736 establishes a procedure for expedited foreclosure proceedings of home-equity loans. *See* Tex. R. Civ. P. 735.1(a). "A Rule 736 proceeding is not 'an ordinary lawsuit,' but rather 'a faster, more streamlined alternative to judicial foreclosure.'" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 383 (5th Cir. 2017) (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). A home-equity lender who has contracted for the right of expedited foreclosure may choose to pursue the special procedure found in Rule 736. *See* Tex. R. Civ. P. 735.1(a); *see also* Tex. Prop. Code § 51.002.

Unlike an ordinary lawsuit, "[t]he only issue to be determined in a Rule 736 proceeding is whether a party may obtain an order under Rule 736 to proceed with foreclosure under applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed." TEX. R. CIV. P. 735.2; *see Anyenya v. Apollo Villa HOA*, No. 05-22-00925-CV, 2023 WL 7383857, at *1 (Tex. App.—Dallas Nov. 8, 2023, no pet.) ("In a Rule 736 proceeding, the trial court is authorized to make only one ruling on the merits of a case—whether the lienholder is entitled to foreclose.").

The rule contemplates a hearing at which the trial court must determine whether the applicant has satisfied its burden to prove "the grounds for the granting of the order sought in the application"; there is no provision for any other determination to be made by a factfinder. *See* TEX. R. CIV. P. 736.6; *Huston*, 359 S.W.3d at 682; *see also* TEX. R. CIV. P. 736.8(a) ("The court must issue an order granting the application if the petitioner establishes the basis for the foreclosure. Otherwise, the court must deny the application.").

The trial court's determination of whether to grant or deny the application is not "a binding adjudication of the merits of any disputes between a lender and a borrower." *Huston*, 359 S.W.3d at 682. Indeed, the rule expressly states that the court's determination is without any preclusive effect. *See* TEX. R. CIV. P. 736.9.

"The limited nature of a [R]ule 736 proceeding is further underscored by the rule's prohibition against discovery." *Huston*, 359 S.W.3d at 681; *see* TEX. R. CIV. P. 736.4 ("No discovery is permitted in a Rule 736 proceeding.").

To initiate a Rule 736 proceeding, a petitioner—defined as "any person legally authorized to prosecute the foreclosure"—files an application for an expedited order of foreclosure. TEX. R. CIV. P. 736.1(d)(1)(A). The application must identify the "respondent," meaning, for a home equity loan, each mortgagor and each person whom the records of the noteholder or loan servicer show to be obligated to pay. *Id.* R. 736.1(d)(1)(B).

A respondent may file a response to contest the application, *id.* R. 736.5(a), but he "may not state an independent claim for relief" in the Rule 736 proceeding, *id.* R. 736.5(d). Instead, affirmative relief sought during the pendency of the proceeding or later to challenge a foreclosure order must be filed in a separate, independent, original proceeding in a court of competent jurisdiction. *See id.* R. 736.8(c), 736.11(a).

Critically here, Rule 736 expressly provides that the trial court "must, without a hearing, strike and dismiss any counterclaim, cross claim, third party claim, intervention, or cause of action filed by any person in a Rule 736 proceeding." *Id.* R. 736.5(d).

We interpret rules of procedure—including Rule 736—using the same principles that we apply to construe statutes. *See In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021). Our review is de novo, and the terms of the rule control. *See, e.g.*, *In re City of Dickinson*, 568 S.W.3d 642, 645–46 (Tex. 2019). We begin with the text of the rule and construe it according to its plain meaning. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654–55 (Tex. 2020).

### 2. *Rule 736's plain terms precluded the intervention and counterclaim here.*

Ortiz—a nonparty to the Rule 736 proceeding—sought to intervene and assert a negligence counterclaim against JPMC. This is directly contrary to the plain terms of Rule 736.5(d), which provide that a trial court "must" strike and dismiss interventions and counterclaims filed in a Rule 736 proceeding by "any person." TEX. R. CIV. P. 736.5(d). In light of these terms, the trial court abused its discretion in denying the motion to strike.

The language of Rule 736 is not discretionary. It states that the trial court "must" strike the intervention. "The term 'must' [in Rule 736] imposes a mandatory rather than a discretionary duty, particularly when we consider the rule's expedited and streamlined process." *In re BoRain Capital Fund-III, LLC*, No. 13-24-00643-CV, 2025 WL 325320, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2025, orig. proceeding); *see Image API, LLC v. Young*, 691 S.W.3d 831, 840 (Tex. 2024);

6

*In re Priester*, No. 05-16-00965-CV, 2016 WL 7010583, at *3 (Tex. App.—Dallas Nov. 21, 2016, orig. proceeding).

Rule 736(d)'s application here is further confirmed by the fact that the rule requires the trial court to strike and dismiss interventions and counterclaims filed by "any person" in the proceeding; it does not limit the dismissal mandate to claims filed by the respondent. *See* TEX. R. CIV. P. 736.5(d). So, too, with the use of the term "intervene": the rule forbids exactly what happened here.

Given the plain language of the rule, Ortiz was not permitted to intervene into the Rule 736 proceeding and assert a counterclaim. *See Huston*, 359 S.W.3d. at 683 (debtors "could not properly assert their counterclaim for declaratory relief as part of [lender's] [R]ule 736 foreclosure proceeding"). The trial court abused its discretion when it denied JPMC's motion and failed to strike and dismiss Ortiz's intervention and counterclaim. *See* TEX. R. CIV. P. 736.5(d); *Kappmeyer*, 668 S.W.3d at 654.[3]

---

[3] One who seeks to assert claims related to a foreclosure has a forum to bring their claims—this proceeding is just not that forum. For instance, one may assert a claim for affirmative relief during the pendency of a Rule 736 proceeding in a "separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed." TEX. R. CIV. P. 736.11(a). If timely filed, the separate suit will result in a stay of the Rule 736 proceedings. *Id.* And, to the extent that such a party is concerned about the ability to challenge a foreclosure order, the rule also provides that a foreclosure order is without preclusive effect and may be challenged "in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." *See id.* R. 736.8(c), 736.9.

**B.    JPMC has no adequate remedy by appeal.**

Our conclusion that the trial court abused its discretion does not end our inquiry. Instead, we may grant mandamus relief only if JPMC also lacks an adequate remedy by appeal. *See In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021). It does.

"We determine whether an adequate appellate remedy exists by weighing the benefits of mandamus review against the detriments." *Id.* (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010)). The Texas Supreme Court has recognized that "some extraordinary circumstances will warrant mandamus relief." *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 842 (Tex. 2024). "When the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved or would cause a knowing waste of resources, mandamus relief may be necessary." *Id.* at 842–43 (internal quotation marks omitted); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136, 138 (Tex. 2004) (similar). Mandamus relief may also be necessary "when the order being challenged 'severely compromised' and 'effectively foreclose[d]' the defendant's ability to present a defense." *Ill. Nat'l Ins. Co.*, 685 S.W.3d at 843 (quoting *In re Chefs' Produce of Houston, Inc.*, 667 S.W.3d 297, 303 (Tex. 2023)).

This case presents such extraordinary circumstances. *See id.* at 842. By denying the motion to strike, the trial court permitted Ortiz to intervene and pursue his negligence counterclaim against JPMC in an expedited foreclosure proceeding—

directly contrary to the text of the applicable rule, which forbids interventions and counterclaims in this proceeding.

Requiring JPMC to proceed in these circumstances compromises its rights. For one, because no discovery is permitted in a Rule 736 proceeding, the trial court's ruling severely compromises and effectively forecloses JPMC's ability to present a defense to the counterclaim. *See* TEX. R. CIV. P. 736.4; *Chefs' Produce of Houston*, 667 S.W.3d at 303; *cf. In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (explaining that when "denial of discovery" precludes party from effectively preparing for trial, party's remedy by appeal is of "doubtful value").

Further, granting mandamus relief is essential to preserve JPMC's right, as granted by Rule 736, to pursue the remedy of expedited foreclosure without any other claims being addressed in the proceeding. *See Prudential*, 148 S.W.3d at 136; *cf. Acad., Ltd.*, 625 S.W.3d at 35 (granting mandamus relief because trial court's erroneous refusal to dismiss claims against relator defeated relator's substantive right to dismissal mandated by federal statute).

Moreover, the plain language of Rule 736 mandated the trial court to dismiss Ortiz's intervention and counterclaim, and permitting litigation of Ortiz's counterclaim in the Rule 736 proceeding would be a waste of the courts' and parties' resources. *See Ill. Nat'l Ins.*, 685 S.W.3d at 843; *United Servs. Auto. Ass'n*, 307 S.W.3d at 314 (granting mandamus relief from order denying summary judgment

9

because specter of second "wasted" trial on claim barred by limitations constituted "extraordinary circumstances" meriting "extraordinary relief").

## Conclusion

We hold that the trial court abused its discretion when it denied JPMC's motion to strike and that JPMC has no adequate remedy by appeal. Accordingly, we conditionally grant mandamus relief. We order the trial court to vacate its order denying JPMC's motion to strike and to sign an order granting the motion and striking and dismissing Ortiz's intervention and counterclaim. Our writ will issue only if the trial court fails to comply with our instructions.


Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.